UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDGARDO L. PEREZ-DE LEON,

                    Plaintiff,

                                        Case No. 12-CV-14577

vs.

                                        HON. GEORGE CARAM STEEH

BROOKE SHARRARD[1],

                    Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. # 7)

INTRODUCTION

        This case stems from the arrest and ticketing of plaintiff for shoplifting.  Plaintiff filed a *pro se* complaint against the West Bloomfield Township investigating officer in state court for "filing a false police report" and violating his *Miranda* rights.  The case was removed to federal court by the defendant, Officer Brooke Sharrard, and her motion for summary judgment is now before the court.  Because there is no question of material fact as to either of plaintiff's claims, the court will grant defendant's motion.

BACKGROUND

        Plaintiff Edgardo Perez-DeLeon was at a Kohl's Department Store the evening of August 11, 2010.  According to the Bloomfield Township Police Department Arrest Report authored by defendant Brooke Sharrard, who was dispatched to Kohl's that evening:

_____

        [1]It appears that "Sharrard" is the correct spelling of the defendant's name, which has previously been misspelled in the caption as "Sharrad."

Upon arrival I spoke with the lost (sic) prevention officer, Alana Dombrowski. Alana stated that the responsible (sic) is an Edhardo (sic) Perez-Deleon (DOB: 5/26/51). According to Alana, Perez made a loud scene at the service area of the store initially and was drawing attention to himself as a result. She began surveillance and observed Perez place two belts into a bag as he exited the store. Alana stated that Perez then left the store with the items in the bag and was quickly approached by lost (sic) prevention. Perez initially cooperated with lost (sic) prevention and re-entered the store. Perez remained in Alana's office for a short time before physically forcing his way out. According to Alana, she advised Perez to remain in the store. Perez became distraught, did not comply, and left the store. Alana stated that Perez was driving an older model Ford Tempo with many bumper stickers located on the rear trunk area of the vehicle. No plate information was provided. Alana advised that Kohls does wish to prosecute for the retail fraud.

The stolen items were: (1) Dockers black belt, and (1) Apt 9 black belt. These two items were found inside Perez's bag that was in his possession according to Alana.

I made (sic) Perez's address at 7109 Pebble Park, and observed his vehicle parked in front of the condo unit. Myself and Ofc. Pindzia attempted to speak with Perez, however, were unsuccessful. Perez refused to answer the door. We left the residence after several attempts were made. A short time later I once again made the residence to obtain the plate of the vehicle, BLJ1087. While on Pebble Park I observed Perez near the vehicle and begin to run as I was approaching. I pulled my fully marked patrol vehicle into the parking lot, and advised Perez to stop. Perez continued across the parking lot and I exited my vehicle. I again advised Perez to stop, with out compliance. Perez continued running toward his condo unit, and entered into his residence before I was able to gain compliance. Perez immediately slammed, and locked, the front door of the residence. Ofc. Pindzia, Ofc. Tash, Ofc. Metcalf made (sic) the scene to assist. Perez again refused to answer the front door. We cleared the scene after many attempts to make contact were unsuccessful.

A short time later contact was made with Perez via TX. Perez advised that there was a mix-up at Kohls and that he would make (sic) the station to speak with an officer about it. Perez made (sic) the station, and advised that he placed the belts in his bag because Kohls did not provide him with an adequate return amount on a returned item. Perez said that he was attempting to gain his lost money back by taking the items. I advised Perez that he was being placed under arrest for retail fraud. Perez was processed,

and issued a citation for retail fraud.  Perez was issued a court date.  No bond was taken (per 108).

Closed.

(Doc. # 7-3 at 2-3.)

Plaintiff ultimately pleaded no contest to a charge of attempted disorderly conduct stemming from the events of August 11, 2010.  His application for leave to appeal was denied.[2]  Nonetheless, he later filed this civil action against defendant Sharrard, enumerating two claims:  Count 1, Filing a False Police Report, and Count II, Violation of Miranda Rights.  Plaintiff asserts in Count 1 that Sharrard's police report includes false information concerning the "loud scene," the telephone contact, the "single bag," and the confession.  In Count 2, plaintiff appears to be asserting that he was entitled to Miranda warnings prior to giving his statement/confession to defendant Sharrard.

Defendant Sharrard has moved for summary judgment, following which response and reply briefs were filed.[3]  Because the court finds that it would not be assisted by oral argument, the matter is ordered submitted on the briefs in accordance with E.D. Mich. LR 7.1(2)(e)(2).  The court's consideration of and determination on the motion is set forth below.

---

[2]Plaintiff also pursued other litigation to no avail, such as a "Petition for Habeas Corpus" in the Oakland County Circuit Court.

[3]The court has accepted plaintiff's response brief, filed a day late, as timely filed.

STANDARD

The entry of summary judgment is appropriate when the record demonstrates that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Sadie v. City of Cleveland, 718 F.3d 596, 599 (6th Cir. 2013).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of

evidence supporting the non-moving party.  <u>Anderson</u>, 477 U.S. at 248, 252.  Rather, there

must be evidence on which a jury could reasonably find for the non-movant.  <u>McLean</u>, 224

F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

<u>DISCUSSION</u>

I.      <u>Filing a False Police Report</u>

        In this claim, plaintiff alleges that defendant Sharrard falsely depicted some of the

circumstances occurring on or about August 11, 2010.  In his response brief, plaintiff

asserts that although the police report mentions a "loud scene" created by plaintiff, there

is no such evidence, and that the Kohl's loss prevention report did not describe a "loud

scene."  Defendant Sharrard has included her affidavit that the Kohl's loss prevention

officer, Ms. Dombrowski, did describe such a scene in describing the sequence of events.

As noted by defendant, the "loud scene" preceded the activity described in and material

to the loss prevention report, and the fact that it was not included in the loss prevention

report is not surprising.  Plaintiff's mere assertions that there was no surveillance video of

this interaction, and no witnesses to it, does not suffice to create a material question of fact

as to whether Ms. Dombrowski relayed such information to Officer Sharrard.

        Plaintiff also complains that defendant Sharrard mentioned only a "single bag" in the

report, as opposed to the shopping cart used by plaintiff or the 3 bags that were apparently

in the cart.  The difference is immaterial.  The report simply mentions that the belts were

placed into a bag.  In his Delayed Application for Leave to Appeal filed in the Michigan

Oakland County Circuit Court, Plaintiff himself has written that "Defendant/Appellant was

under the believe (sic) that the men (sic) belts were left inside the store cart, but somehow

they had gone into one of the store bags, Defendant/Appellant taking them <u>unintentionally</u>

out of the store...." (Doc. # 7-7 at 2.)  There is no information in the report about the total number of bags carried by plaintiff or his cart and no merit in plaintiff's claim that the statement was false.

Plaintiff also makes the confusing statement that

> Further, in the **FALSE POLICE REPORT** Defendant stated that while outside of Plaintiff's residence Defendant advised Plaintiff to stop, an issue not directly relevant to this civil action as to whether it is true or not, but an issue related to Plaintiff's legal theory of 'being already under arrest at the time of the informal interview' because **police officers Tash and Metcalf were called for backup and made to the scene outside Plaintiff's residence to assist in the Plaintiff's arrest.**

(Doc. # 16 at 5.)  Plaintiff's own words demonstrate that he is not taking issue with the veracity of the statement.

Plaintiff next complains that the police report states that "plaintiff was contacted by telephone, but no record of such telephone call exists."  (Id. at 6.)  However, the police report, quoted above, states only that "contact was made with Perez via TX." As defendant points out, plaintiff himself has described a telephone call with Lt. Michael Patton.  (See Doc. # 7-7 at 4.)  Whether the telephone call was placed by plaintiff or Patton is of no consequence here.

Finally, plaintiff again takes issue with the police report's description of plaintiff's admission that he "placed the belts in his bag because Kohl's did not provide him with an adequate return amount on a returned item."  Although the argument is hard if not impossible to understand, it appears that plaintiff is connecting the use of the singular word "bag" with a general lack of awareness about the situation on the part of defendant Sharrard.

This claim likewise has no merit.  As discussed above, whether or not the report describes all of the bags in plaintiff's possession on the day in question, or the cart he used, does not have any bearing on whether the report was false.  Plaintiff also appears to contest the description of a returned item; however, he takes no issue with the fact that he initially went to customer service to dispute the amount charged for some purchases he made and collect amounts due back to him under Michigan statute.  Whether this action is described as a "return" or otherwise is of no consequence here.

Defendant has made alternative arguments concerning a claim of a "false police report" not being a cognizable cause of action under either federal or Michigan law, as well as collateral estoppel, because plaintiff pleaded no contest to attempted disorderly conduct at his plea hearing, which was based in part on the police report, and defendant Sharrard's entitlement to qualified immunity.  However, the court need not reach these arguments, given its findings above.

II.    Violation of Miranda Rights

The court notes that plaintiff's contention that he was entitled to a reading of his Miranda rights at the West Bloomfield Police Department is highly questionable, as he went into the station on his own accord to talk with defendant Sharrard and it does not appear that he was subject to a custodial interrogation.  However, since the claim is subject to dismissal on other grounds, the court will decline to make that determination.

As defendant contends, the sole remedy for a violation of Miranda is the exclusion, at trial, of statements given without the appropriate warning.  Chavez v. Martinez, 538 U.S. 760, 766-68 (2003).  Miranda violations, on their own, do not give rise to a civil action for

-7-

damages.  Id.  For these reasons, plaintiff's assertion of this claim in his civil action against defendant Sharrard has no merit.

CONCLUSION

The court finds no genuine issues of material fact in connection with plaintiff's claims.  Defendant's motion for summary judgment is GRANTED as to plaintiff's complaint in its entirety.  The matter is dismissed and judgment will enter for defendant.

**IT IS SO ORDERED**.

Dated:  October 23, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 23, 2013, by electronic and/or ordinary mail and also on Edgardo L. Perez-De Leon, 7109 Pebble Park Drive, West Bloomfield, MI 48322.

s/Barbara Radke
Deputy Clerk